# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-80089-Middlebrooks/Matthewman

UNITED STATES OF AMERICA

v.

CHARLES LAWRENCE BAUGH, SR.,

Defendant.

_____/

FILED BY_____ SW _____D.C.

Jul 8, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (this "Office") and CHARLES LAWRENCE BAUGH, SR. (hereinafter referred to as the "Defendant"), enter into the following Plea Agreement ("Agreement"):

1.      The Defendant understands that he has the right to have the evidence and charges against him presented to a federal grand jury for determination of whether or not there is probable cause to believe he committed the offense with which he is charged.  Understanding this right, and after full and complete consultation with his attorneys, the Defendant agrees to waive in open court his right to prosecution by indictment and agrees that this Office may proceed by way of an information to be filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

2.      The Defendant agrees to plead guilty to one count of securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a) and Title 17, Code of Federal Regulations, Section 240.10b-5.  In exchange for the Defendant's agreement to plead guilty, and for fulfilling all of his other obligations set forth in this Agreement, and subject to the limitations and provisions set forth in this Agreement, this Office agrees not to prosecute the Defendant for any other offenses arising out of the conduct described in the Factual Proffer included with this Agreement.  This

Agreement includes only the conduct set forth in the Factual Proffer and excludes crimes of violence and any tax offense. This Agreement is also limited to this Office and as such, does not and cannot bind other federal, state, regulatory, or local prosecuting authorities. This Agreement is further conditioned on the Defendant fulfilling all of the terms of this Agreement.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory United States Sentencing Guidelines and Policy Statements (hereinafter "U.S.S.G." or "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in Paragraph 2 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of

supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $5,000,000, may order forfeiture, and must order restitution, if applicable. Pursuant to 18 U.S.C. § 3663A(c)(2), the Defendant agrees that an offense listed in 18 U.S.C. § 3663A(c)(1) gave rise to this Agreement and, if applicable, any victims of the conduct described in the Factual Proffer shall be entitled to restitution.

5.     The Defendant further understands and acknowledges that, in addition to any sentence imposed under Paragraph 4 of this Agreement, a special assessment in the amount of $100 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to the United States and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6.     This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.     This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If, at the time of sentencing, the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant

has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the Defendant: (a) fails or refuses to make a full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; or (b) commits any misconduct after entering into this Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.    This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed on the Defendant:

(a)    Base Offense Level: The Defendant's base offense level is eight (8) pursuant to U.S.S.G. § 2B1.4(a).

(b)    Specific Offense Characteristic - Gain: The Defendant's offense level shall be increased by twelve (12) pursuant to U.S.S.G. §§ 2B1.4(b)(1) and 2B1.1(b)(1)(G) because the gain resulting from the offense was greater than $250,000 but less than or equal to $550,000.

This Office and the Defendant agree to jointly recommend application of the above Sentencing Guidelines calculation, except where otherwise stated. After recommending that the Court apply the guidelines in a manner consistent with this paragraph, either party may make additional sentencing arguments, including as to the ultimate sentence requested.

9.    This Office and the defendant agree that, although not binding on the probation

-4-

office or the Court, they will jointly recommend that, pursuant to Section 4C1.1 of the Sentencing Guidelines, the Defendant's offense level should be reduced by two levels to reflect the Defendant's status as a zero-point offender, provided that the Defendant meets all the criteria set out in Section 4C1.1(a)(1)-(10).

10.     The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office, or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this Agreement or otherwise, is not binding on the Court, and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in Paragraph 3 above, that the Defendant may not withdraw the Defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

11.     This Office and the Defendant stipulate to, and agree not to contest, the facts in the attached Factual Proffer, and stipulate that such facts provide a sufficient factual basis for the plea of guilty in this case, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure. The Defendant hereby (a) confirms that he has reviewed the facts in the Factual Proffer with his attorney, (b) adopts the factual summary included in the Factual Proffer as his own statement, and (c) agrees that the facts in the Factual Proffer are true and correct. Because the factual basis set forth in the Factual Proffer has the limited purpose of supporting the Defendant's guilty plea to the charge cited in Paragraph 2, the Factual Proffer does not purport to represent all facts and circumstances

-5-

relating to the Defendant's offense conduct.

12.     In the event the Defendant withdraws from this Agreement prior to or after pleading guilty to the charge identified in Paragraph 2, or should this Office, in its sole discretion, determine that the Defendant failed to fully comply with any of the terms of this Agreement, this Office will be released from its obligations under this Agreement, and the Defendant agrees and understands that: (a) the Defendant thereby waives any protection afforded by Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statements made by the Defendant as part of plea discussions, any debriefings or interviews, or in this Agreement, whether made prior to or after the execution of this Agreement, will be admissible against the Defendant without any limitation in any civil or criminal proceeding brought by this Office; and (b) the Defendant stipulates to the admissibility and authenticity, in any case brought by this Office in any way related to this Agreement, of any documents provided by the Defendant or the Defendant's representatives to any state or federal agency and/or the United States.

13.     The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a) and Title 17, Code of Federal Regulations, Section 240.10b-5 to which he is pleading guilty, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), and the provisions of Title 21, United States Code, Section 853. In addition, the Defendant agrees to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p). The property subject to forfeiture is a forfeiture money judgment in the sum of $316,044 in United States

currency, which sum represents the value of any property that constitutes or is derived from proceeds traceable to the Defendant's commission of the offense.

14.     Upon confirmation of payment, this Office will credit towards the forfeiture money judgment amount any money paid by the Defendant to the U.S. Securities & Exchange Commission in case no 24-CV-80919-DMM (S.D. Fla.), which payment derives from the same facts described in the Factual Proffer.  The Defendant understands that if this confirmation is not received by the United States before sentencing, this Office will seek a preliminary order of forfeiture for the forfeiture money judgment, and upon later confirmation, will file a notice of satisfaction.

15.     The Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the Defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.  The Defendant further expressly waives his right to appeal based on arguments that (a) the statute to which the Defendant is pleading guilty is unconstitutional and (b) the Defendant's admitted conduct does not fall within the scope of the statute.  The Defendant further understands that nothing in this Agreement shall affect the United States's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.  However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal

waiver set forth in this Agreement with the Defendant's attorney. The Defendant further agrees, together with the United States, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

16.     This is the entire Agreement and understanding between the United States and the Defendant. There are no other agreements, promises, representations, or understandings.

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: 7/8/25

ELI S. RUBIN
ASSISTANT U.S. ATTORNEY

Date: 5/22/25

JEFFREY L. COX, ESQ.
JAMES D. SALLAH, ESQ.
ATTORNEYS FOR DEFENDANT

Date: 5/22/25

CHARLES LAWRENCE BAUGH, SR.
DEFENDANT

-8-